IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Charles Ennis, | ) | |
|     Plaintiff, | )<br>)<br>) | |
| v. | ) | No.   13 C 4177 |
| Asset Acceptance, LLC, a Delaware limited liability company, | )<br>)<br>)<br>) | |
|     Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Charles Ennis, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) part of the acts and transactions occurred here; and, b) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Charles Ennis ("Ennis"), is a citizen of the State of California, from whom Defendant attempted to collect a delinquent consumer that he allegedly owed for a GE Money Bank account. These collection actions took place despite the fact that he had told the Defendant that he refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for

Seniors and People with Disabilities program ("LASPD").

4. Defendant, Asset Acceptance, LLC ("Asset"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Asset operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Asset was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5. Defendant Asset is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon itself, and through other collection agencies.

6. Defendant Asset is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, records from the Illinois Secretary of State, attached asExhibit A. In fact, Defendant conducts substantial and extensive business in Illinois.

7. Defendant Asset is licensed as a debt collection agency in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Exhibit B. In fact, Defendant Asset acts as a collection agency in Illinois.

## FACTUAL ALLEGATIONS

8. Mr. Ennis is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including a debt he allegedly owed originally for a GE Money Bank account. At some point in time after that debt became delinquent, another

bad debt buyer located in Des Plaines, Illinois, Asset Recovery Solutions, LLC ("ARS") bought/obtained Mr. Ennis' alleged GE Money Bank debt. When ARS began trying to collect the GE Money Bank debt from him, he sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding his financial difficulties and Defendant's collection actions.

9. Specifically, ARS demanded payment of the GE Money Bank debt from Mr. Ennis, by sending him a collection letter dated March 3, 2010. A copy of this collection letter is attached as Exhibit C.

10. On June 25, 2010, one of Mr. Ennis' attorneys at LASPD informed ARS, that Mr. Ennis was represented by counsel, and directed ARS to cease contacting him and to cease all further collection activities because Mr. Ennis was forced, by his financial circumstances, to refuse to pay his unsecured debt. A copy of this letter is attached as Exhibit D.

11. ARS then sold/transferred the account to Defendant Asset. Defendant Asset then sent Mr. Ennis collection letters, dated December 1, 2012 and February 1, 2013, which demanded payment of the debt the GE Money Bank debt. Copies of these collection letters are attached as Group Exhibit E.

12. Accordingly, Mr. Ennis' LASPD attorneys had to send Defendant Asset a letter dated May 23, 2013, and successfully faxed on May 24, 2013, directing it to cease communications and to cease collections. A copy of this letter and fax confirmation is attached at Exhibit F.

13. Indeed, Defendant knew, or should have known, that there were problems with the debt at issue due to the age of the portfolio of the debts that included the

Plaintiff's alleged debt. In fact, any reasonable review of the records on this account would have shown that the account should not have been collected upon in the manner at issue in this matter.

14. Defendant Asset's collection actions complained of herein occurred within one year of the date of this Complaint.

15. Defendant Asset's collection communications are to be interpreted under the "unsophisticated consumer" standard. See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

16. Plaintiff adopts and realleges ¶¶ 1-15.

17. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay. See, 15 U.S.C. § 1692c(c).

18. Here, the letter from Plaintiff's agent/attorney, LASPD, told Defendant to cease communications and cease collections. By continuing to communicate regarding this debt and demanding payment, Defendant violated § 1692c(c) of the FDCPA.

19. Defendant's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA -- Communicating With A Consumer Represented By Counsel

20. Plaintiff adopts and realleges ¶¶ 1-15.

21. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address. See, 15 U.S.C. § 1692c(a)(2).

22. Defendant knew, or readily could have known, that Plaintiff was represented by counsel in connection with his debt because his attorneys at LASPD had informed Defendant's predecessor-in-interest, in writing, that Plaintiff was represented by counsel, and had directed a cessation of communications with Plaintiff. By directly sending a collection letter to Plaintiff, despite being advised that he was represented by counsel, Defendant violated § 1692c(a)(2) of the FDCPA.

23. Defendant's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. §1692k.

### PRAYER FOR RELIEF

Plaintiff, Charles Ennis, prays that this Court:

1. Find that Defendant's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Ennis, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by §1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Charles Ennis, demands trial by jury.

                              CharlesEnnis,

                              By: /s/ David J. Philipps
                              One of Plaintiff's Attorneys

Dated: June 5, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com